## MONTGOMERY COUNTY vs. BARBER, Sheriff.

[ASSUMPSIT AGAINST COUNTY BY SHERIFF FOR WORK AND LABOR DONE, AND
FOR EXPENSES INCURRED IN SUMMONING JAIL GUARDS.]

1. *Counties; how liable to be sued.*—Counties in Alabama are bodies corporate, and may sue and be sued in any court of record in this State. Rev. Code, § 897.

2. *Same; how may contract.*—In all matters that necessarily appertain to a county, it may, by its officers and properly authorized agents, make contracts in the same manner as individuals and other corporations. Being an artificial person, it can contract in no other way.

3. *Same; must follow mode prescribed by law in contracting.*—If the mode and manner of contracting, or the officers or agents by and with whom contracts are to be made, be prescribed, the mode prescribed must be pursued.

4. *Same; may contract by parol, and become liable on implied contract.*—Corporations may contract by parol, and an action of assumpsit may be maintained against them on such contract, even if the promise is by implication merely ; as, if a contract be made for work and labor and services to be performed, at their request, although no stipulation be made as to value of the services, or the sum to be paid for them ; and in such a case the common count is sufficient.

5. *Complaint, description of plaintiff; what may be treated as surplusage.*—Where a party may maintain an action in his own name, as an individual, if the complaint states that the plaintiff, "as sheriff of Montgomery county," claims, &c., the words, "as sheriff," &c., may be treated as mere *descriptio personæ*, and surplusage,

6. *Complaint, demurrer to; when will be overruled.*—If a complaint contains more counts than one, a demurrer to the whole complaint will be overruled, if there be one good count, unless there be a misjoinder of counts.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAMES Q. SMITH.

The complaint in this case was as follows :

"Robert Barber, as sheriff of Montgomery county, *vs.* Montgomery county, Alabama, a corporation.

The plaintiff, as sheriff as aforesaid, claims of the defendant fifty dollars, due by account, April 6, 1869, for work and labor done and performed, and for services rendered

by the plaintiff for the defendant, at its request, in the months of March and April, 1869; a like sum for summoning and paying a necessary guard to prevent the escape of prisoners from the jail of said county, the defendant in this action. Plaintiff avers that said jail was, at the time he summoned said guards, insufficient to hold the prisoners therein lodged, and there was reason to apprehend their escape; and said account, with interest thereon, is still due and unpaid."

The complaint alleged due presentation, &c., to commissioners court, and disallowance of claim by same.

The cause was brought into the circuit court by *certiorari*.

There was a demurrer to the complaint on the ground, 1st, ". that the plaintiff can not, in his official capacity as sheriff, maintain an action for fees or money due him as such; 2d, that the law does not authorize officers, as such, to collect other fees or money than such as is prescribed by law." There was a joinder in demurrer.

From the bill of exceptions, it appears that the cause came on regularly to be heard on Saturday of the third week of the January term of said circuit court, 1870, and the demurrer having been argued on the part of the defendant, the court, of its own motion, adjourned the trial of the cause until the following Monday morning; and on Wednesday, the demurrer having been argued, and it having been agreed between the parties that there was no question of fact for a jury in the case, (the claim being fifty dollars,) and that the only question in the case was one of law, arising on the demurrer, the court overruled the demurrer, and defendant excepted. After which, "the defendant failing to plead over, or make any further issue on any question of fact, the court permitted the plaintiff, for the information of court, to introduce evidence tending to show culpable neglect of defendant in reference to the county jail of Montgomery county, in substance as follows: That at the time, and long before said services were rendered, the jail of Montgomery county was insecure, and insufficient to hold the prisoners therein lodged; that six or eight prisoners had escaped therefrom just

previous to the summoning and hiring a guard; that the entire jail was insecure; that the county commissioners paid a monthly salary of fifty dollars, from month to month, for said guard, for five months previous to the presentation of the account in suit, and made no objection to paying the same; that said account was presented to the court of county commissioners in term time, within twelve months after the accrual of the same, and was disallowed; that said account was a very reasonable and moderate charge for the services rendered in guarding said jail; that the same is due, correct, and unpaid, with the interest thereon.   The court thereupon gave judgment for the plaintiff, and " defendant excepted to the rulings of the court on the points above presented."

Overruling the demurrer is now assigned as error.

HAMILTON McINTYRE, for appellant.—1. The appellee, suing in his official capacity, can not maintain his action, because, as an officer, he has no " capacity to sue or be sued, except as authorized by statute ;" but he, and all other officers, have an ample summary remedy for the collection of fees and allowances, either by the mere issuance of execution, or by writ of *mandamus.*—Rev. Code, §§ 2779, 2837, *et passim; Prestridge, Executor, v. Officers of Court,* 42 Ala. 405 ; *Johnson v. Reynolds,* June T. 1870 ; Rev. Code, § 3531; see *State, ex rel., v. Ely, judge,* 43 Ala. 568.

2. The appellee can not recover other· fees than those allowed by law, because expressly forbidden.   The law of costs is penal, and must be strictly construed.—Rev. Code, § 3534; *Dent & Magruder v. State,* 42 Ala. 514.   ·

3. This is a *casus omissus,* unless the appellee is entitled to compensation under section 3518 (last subdivision) Rev. Code, in which case he has not pursued the right remedy. But the common law doctrine expressed in the maxim, *casus omissus et obliviom datus dispositioni communis relinquitur,* does not here apply, because at the common law the office of sheriff was one of trust and honor alone, and he was not entitled to any pay.—*Dew v. Parsons,* 2 B. & C. 295; 3 Inst. 210; *Graham v. Gill,* 2 M. & S. 294.

4, The law-making power did not intend that sheriffs

should receive pay for the discharge of the duties imposed by section 3799 of the Revised Code, because compensation is provided for services rendered under the preceding and following sections, and none as to the said section 3799, upon the maxim, *expressio amius est exclusio alterius.* *Sims & Jones v. Knox,* 18 Ala. 236 ; *Hamilton v. Williams,* 26 Ala. 527 ; *Miller et al. v. Flournoy's Heirs,* ib. 724.

5. No citizen can be compelled to hold office in this county ; therefore, when a person seeks an office, he takes it with all its responsibilities and emoluments, its burdens and its benefits. If the law requires certain things to be done, and no compensation be provided, the duty must nevertheless be discharged.—Rev. Code, § 818, last subdivision.

6. The commissioners of roads and revenue constitute a court of record, of limited jurisdiction. Its records must show, affirmatively and clearly every order, contract, &c., made and entered into by such court, or they are void. *Com. Court of Talladega Co. v. Thompson,* 18 Ala. 694 ; *Molett v. Keenan,* 22 Ala. 484. The record in this case presents no evidence of a contract between appellant and appellee, *supported* by the *records* of the commissioners court. So that, if the premises be true, a contract by implication is precluded.

The law (Rev. Code, § 902, *et seq.,*) only authorizes commissioners to pay for *"building and repairing"* jails, and not for guards, where the jail is insufficient; but does subject them to indictment for the insufficiency of the same. Code, § 906. And if the commissioners of Montgomery county paid an allowance to appellee, they did it at their peril.—See *State, ex rel., v. Ely, judge,* 43 Ala. 568.

7. The appellee claims that, though his declaration in both the caption and body presents him as suing in his *official capacity,* it is merely *descriptio personæ,* does not vitiate, and therefore the demurrer was rightly overruled below ; and relies with great confidence on *Johnson v. Gaines,* 8 Ala. 791, where the court says that "if the declaration show that the action can not be maintained against him, ( the defendant,) in his *representative capacity,* it will be considered as a description merely of the person,

and a judgment will be rendered against him in his *individual character.*" But it is apprehended that if the declaration before this court, and most especially the statute (Rev. Code, § 3799,) upon which its very existence depends, be thoughtfully examined, the fact will appear that neither the case above mentioned, nor other authorities cited in support, can avail any thing; because, if any fees or allowances are payable under said statute, they *ex vi termini* accrue to the *sheriff, as such;* for upon none other than *such officer* is the duty imposed, and it is only by virtue of his *official position* that he can exercise the power and authority therein conferred. Hence it results, that he must maintain his action as *such officer*, or not at all. But see *Taylor, Ex'r, v. Taylor*, 43 Ala. 649.

GRAVES & RHEA, *contra.*—Robert Barber, sheriff, the jail being in a very unsafe condition, summoned a guard, as it was his duty to do, under § 3799; the court of county commissioners paid him for said guard for several months immediately preceding the months guarding, for which the defendant is sued, and without any objection, and never notified said Barber that they would not pay for further services of a like kind. The commissioners, on behalf of the county, thereby raised an implied contract to pay for such duty until they notified appellee to the contrary.

It is shown by the proof, that there was absolute necessity for a guard to be employed; it was employed; it is admitted that the compensation claimed was reasonable; the claim was presented according to law, but was rejected by the court of county commissioners, hence this suit was brought.

A demurrer was interposed to the complaint in the court below.

In answer to the first ground of demurrer, we contend that the plaintiff below could have maintained his action against the county in his individual character, he having presented his claim according to law. We think there can be no doubt on this point, for if Robert Barber had performed services for the county on a contract implied or specific, we see no reason why *he* could not sue for the re-

covery for said services the same as any other individual. Then, if this position is correct, the mere addition after Robert Barber, of the words: " as sheriff of Montgomery county, Alabama," is nothing more than surplusage, *discriptio personæ*, and may be rejected as not affecting the case one way or the other.—See *Warren, Ex'or, v. Rist*, 16 Ala. 686; *Johnson v. Gaines*, 8 Ala. 791; *King & Clark v. Griffin*, 6 Ala. 387; *Arrington v. Hair, Adm'r*, 19 Ala. 243, and the numerous cases cited in the opinion of Chilton, J.; see Gwynne on Sheriffs, p. 567, where he says a sheriff may maintain action for his fees. The reference made by appellant's counsel in his brief to the case of *Prestridge v. Officers of the Court*, 42 Ala. 405, has no applicability to this case. They only decide therein, that under the Code of 1852, " officers of court," as such, having no corporate existence, can not sue; but this, even, is changed by § 2794, Revised Code.

It was clearly within the power of the court of county commissioners to have allowed the plaintiff below compensation for furnishing said guard, by § 3518, Revised Code, (last subdivision.)

There can be no doubt, even, that a sheriff, as such, can maintain an action for his fees, and that whether they are prescribed by statute or not; for where a sheriff is required (as in this case) to perform services, he is entitled to a reasonable compensation for the performance of such service, although there is no provision by law for paying him for the same.—See Crocker on Sheriffs, § 805, where this doctrine is plainly laid down; also, in the case of *Smith v. Birdsall*, 9 Johnson's Rep. p. 327, and *Adams v. Hopkins*, 5 Johnson's Rep. 252.

PECK, C. J.—Counties in Alabama are corporations. Section 897, Revised Code, declares, " every county which has been, or may be hereafter established in this State, is a body corporate, and with power to sue or be sued in any court of record."

As to all matters and things that properly appertain to a county, they have the same powers to contract and be contracted with as individuals.

County buildings are to be erected and kept in order and repair at the expense of the county, under the direction of the court of county commissioners, which court is authorized to make all necessary contracts for that purpose.— Revised Code, § 900.

I refer to this section as an instance to show the authority to make contracts. Being mere artificial persons, they necessarily make contracts by officers and agents, and do all necessary business in the same way.

Where the mode and manner of contracting are not prescribed, or the persons or agents by, and with whom contracts are to be made, counties may make contracts in the same manner as individuals, or other corporations. Their contracts may be in writing or by parol.

An action of assumpsit will lie against a corporation, upon simple contracts, made by its authorized agents, when acting within the scope of the legitimate business of the corporation.

Anciently, it was held that an action of assumpsit could not be supported against a corporation because, as then understood, a corporation could not contract by parol. Chitty on Pl. 106a. The law, however, is otherwise now. *Mott v. Hicks*, 1 Cowen's Rep. 513. And by the better modern authorities, assumpsit will lie against a corporation, even on an implied promise.—Note 3d, 1 Chitty's Pl. 106a, and the cases there cited. And I can see no good reason why it should not be so. We, therefore, hold that if a county, by its proper officers or agents, makes a contract for work and labor in repairing public buildings, or for any other necessary purpose, without stipulating the price to be paid, it may be sued in assumpsit, on a *quantum merit*, in the same manner as you would sue any other person in a like case.

The first count in the complaint, on its face, is, therefore, a good count. It is unnecessary for us to decide whether the special count is, or is not, a good count.

The rule is well settled, that if a complaint contains more counts than one, and there is a demurrer to the whole complaint, the demurrer will be overruled, unless there is

a misjoinder of counts.—*Hooks v. Smith*, 18 Ala. Rep. 338 ; *Furgerson & Scott v. Baber's Adm'rs*, 24 Ala. Rep. 402.

The objection that the complaint begins by saying, the plaintiff, " as sheriff of Montgomery county," complains, has nothing in it. The plaintiff might have sued in his own name, as an individual; therefore, the words as sheriff, &c., will be held to be mere *descriptio personœ*, and surplusage. They do not vitiate the complaint—*utile per inutile non vitiatur.*

The demurrer was properly overruled, and as the only error assigned is the overruling of the demurrer, the judgment of the court below is affirmed, at the costs of the appellant.