# Lucas *v.* Pittman.

*Statutory Detinue for Horses, Wagon, and Harness.*

1. *Complaint; whether plaintiff sues individually, or as administrator.* The words *administrator, guardian,* &c.. following the plaintiff's name in the summons, and also in the margin or caption of the complaint, are mere words of description, and do not show that he sues in a representative character, unless controlled by an additional statement in the body of the complaint; but the words *as administrator,* or *as guardian,* when following the plaintiff's name in the summons and caption of the complaint, show that he sues in his representative capacity, and it is not necessary to repeat them in the body of the complaint. (Overruling *Montgomery County v. Barber,* 45 Ala. 237, "and authorities in that line.")

2. *Amendment of complaint, as to parties.*—When the complaint is in the name of the plaintiff individually, it may be amended by alleging that he sues as administrator, or *vice versa;* and the statute (Code, § 2833) equally applies to amendments affecting the character in which the defendant is sued. (Overruling *Taylor v. Taylor,* 43 Ala. 649, and *Christian v. Morris,* 50 Ala. 586.)

3. *Sale of personalty; when title passes.*—A written contract between the owner of a wagon and team of horses and a teamster in his employment who had possession of the property, in these words: "Contract made this day between J. W. H and R. L. for two horses, one double harness, and double wagon, for $300; same to be paid in work

[Lucas v. Pittman.]

at $2.50 per day, that is, for one man and the double team; R. L. agreeing to work for J. W. H. until said debt is paid, only reserving the [right] to pay cash for balance at any time; such balance being paid, J. W. H. has no further claim on said team,"—is a completed contract of sale, passing the legal title to the property to the purchaser, and reserving to the seller only an equitable claim or lien on it for any balance that might remain unpaid.

4. *What title will support action.*—In detinue, or the corresponding statutory action (Code, §§ 2717-21), the plaintiff can not recover on proof of a mere equitable lien or title.

5. *General issue.*—In detinue, or the corresponding statutory action, the general issue is not, *not guilty*, but *non detinet.*

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by Mrs. Minnie Hardy against Ransom Lucas, to recover two horses, a wagon, and a set of harness, and was commenced on the 26th June, 1888. In the summons the defendant was cited to answer the complaint of "Minnie Hardy as administratrix of the estate of J. W. Hardy, deceased," and the same words were used in the caption of the complaint, or marginal statement of the parties' names; but the body of the complaint was in the usual form, "The plaintiff claims," &c. The defendant pleaded "not guilty, in short by consent;" and issue was joined on that plea. Mrs. Hardy having died pending the suit, the action was revived in the name of Lomax Pittman, as administrator *de bonis non* of said J. W. Hardy.

On the trial, the plaintiff offered in evidence a written instrument which was dated October 3, 1881, signed by said J. W. Hardy and the defendant, in these words: "Contract made this day between J. W. Hardy and Ransom Lucas, for two horses, known as Lightning and Old Joe, one double harness, and double wagon, for $300; same to be paid in work at $2.50 per day; that is, $2.50 per day for one man and the double team; Ransom Lucas agreeing to work for J. W. Hardy until said debt is paid, only reserving the [right] to pay cash for balance at any time; such balance being paid, J. W. Hardy has no further claim on said team. Anything said Lucas may buy from said Hardy is to be sold him cash price, with small allowance for hauling same from Calera." It was admitted that this writing was signed on the day of its date; that at that time Lucas was in the employment of said Hardy as a teamster, and had charge of said property, and afterwards continued in possession of it under the contract; that after the execution of said contract, and up to the death of Hardy, which occurred about three months afterwards, defendant did some hauling for him, and also did some more hauling for Mrs. Hardy, the widow, "but refused to haul on many occa-

[Lucas v. Pittman.]

sions; that Mrs. Hardy was qualified as administratrix of her husband's estate on the 18th March, 1888, and after repeated failures by defendant to haul for her, she sent and demanded that he deliver up the property; and on his refusal to do so, this suit was brought." It was admitted, also, "that when the suit was brought defendant was indebted to Hardy's estate, under said contract, in the sum of *nine cents*." The value of the property was agreed on, and also the value of the hire.

This being all the evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. This charge, to which the defendant excepted, is the only matter assigned as error.

W. S. CARY, for appellant, cited *Agee v. Williams*, 27 Ala. 644; 40 Barb. 374; 19 Barb. 179; 8 N. Y. 447; 4 Denio, 80; 5 Mo. 87; 97 Amer. Dec. 412; 33 *Ib.* 630; 69 *Ib.* 118; *Jackson, Morris & Co. v. Rutherford*, 73 Ala. 155.

LOMAX PITTMAN, *contra*, cited *Crimm v. Crawford*, 29 Ala. 623; *Graham v. Greene*, 45 Ala. 577; Benj. Sales, 322, § 309, note 3.

COLEMAN, J.—The suit is in detinue. The caption to the complaint when filed was "Minnie Hardy, as the administratrix of J. W. Hardy, deceased, plaintiff *v.* Ransom L. Lucas, defendant." The complaint itself is as follows: "The plaintiff claims of the defendant the following personal property viz.," describing the property, "with the value of the hire or use thereof during the detention," &c. The proof shows that plaintiff relied upon the title of his intestate for a recovery. The court gave the general affirmative charge in favor of the plaintiff. The first question presented is to determine whether the complaint sets forth a cause of action in the name of Minnie Hardy individually, or in her representative capacity.

In the case of *Gibson v. Land*, 27 Ala. 117, the plaintiff, Land, styled himself in the caption, or commencement of the complaint, "as trustee for his wife, Elizabeth Land;" and it was held these words were mere *descriptio personæ*, and the action was in his individual capacity. In the case of *Crimm's Adm'r v. Crawford*, the caption was "*Crawford, adm'r de bonis non* of Nancy Cullens *v.* Thomas Crimm." The complaint itself proceeded as follows: "The plaintiff, *as administrator de bonis non of Nancy Cullens*, deceased, claims" &c.; and the court held that the complaint sufficiently showed the action was by plaintiff in his representative character, and authorized plaintiff to recover on the title of his intestate.

[Lucas v. Pittman.]

Referring to the case quoted above from 27 Ala., the court held that since the adoption of the Code, simplifying the pleadings, "all averments as to title are dispensed with." In *Graham v. Green,* 45 Ala. 577, in the caption the plaintiff styled himself *as administrator* of Moses Green, and averred in the declaration that the note sued on was assets of the estate of his intestate. The court held, that the suit was in his representative capacity. In the case of *Montgomery County v. Barber,* 45 Ala. 237, the caption was "Robert Barber, as sheriff of Montgomery county *v.* Montgomery County," &c. The complaint itself proceeded as follows: "The plaintiff, as sheriff, claims of the defendant," &c. The court held that the words "as sheriff," in the caption and in the complaint both, were mere surplusage, and that plaintiff was entitled to recover upon proof of an indebtedness due him individually. In *Wright v. Rice,* 56 Ala. 44, the summons and complaint were in the name of John P. Rice, "who sues by the name and description of administrator of H. Pippen, deceased." The court held that Jno. P. Rice individually was plaintiff, and all else mere surplusage; citing 27 Ala. 644, *supra.*

There seems to be uncertainty and confusion in the authorities, as to what is necessary to distinguish when an action is brought in the name of the individual, and when in his representative character. We hold the proper rule to be, that when the plaintiff's name appears in the caption, followed by the words "administrator," "guardian," &c. and there is no statement or averment in the body of the complaint to indicate differently, the words "administrator," "guardian," &c. are mere words of *descriptio personæ*; that if the name of the plaintiff in the caption to the complaint is followed by the use of such words "*as* administrator," or "*as* guardian," or "who sues as," or words of equivalent import, these words are sufficient to show that the plaintiff sues in a representative capacity when the complaint proceeds in the usual form, such as, "The plaintiff claims of the defendant," &c. In the latter case, the words in the complaint, "The plaintiff," will be referred to the character of the plaintiff as expressed in the caption. We further hold that where the words in the caption are mere words of description, yet if in the body of the complaint there is a sufficient statement or averment to show that the suit by plaintiff is in his representative character, the body of the complaint must govern the caption.— *Tate v. Shackelford,* 24 Ala. 510; *Watson v. Collins,* 37 Ala. 588; *Espalla v. Richards,* 10 So. Rep. 137. From these conclusions it follows, that the case of *Montgomery County v. Barber,* 45 Ala. 237, and authorities in that line, must be overruled.

[Lucas v. Pittman.]

It may be regarded as settled, that under the statute of amendments, when a complaint is filed in the name of one suing in his individual capacity, if the facts authorize it, the complaint may be amended, so as to make the suit stand in his representative capacity, and *vice versa.—Longmire v. Pilkington*, 87 Ala. 296; *Crimm v. Crawford, supra*. There are some authorities which, while admitting the rule of amendments as thus stated to be applicable to plaintiffs, deny that it applies to defendants, and hold that, if a defendant is sued in his representative character, the complaint can not be amended so as to make the cause of action stand against him in his individual character. We perceive no just foundation for the distinction, and it finds no warrant in the statute itself. The statute is broad in its provisions, and applies equally and alike to plaintiffs and defendants.—Code, § 2833. The case of *Christian v. Morris*, 50 Ala. 586, and *Taylor v. Taylor*, 43 Ala. 649, are contrary to the spirit and meaning of the statute as herein construed, and must be overruled. The case of *Kirkman v. Benham*, 28 Ala. 501, cited to sustain these authorities, does not support the construction given to the statute; and the older cases cited in support of a contrary proposition were rendered before the adoption of the present act allowing amendments.

The plaintiff introduced in evidence an instrument in writing signed by his intestate and the defendant; and plaintiff's title and right to recover depends upon the construction to be given to this contract. It is exceedingly indefinite. Whether the parties intended the contract to be a sale of the property so as to pass the title, or whether a sale on condition was intended, the title not to pass until the payment of the purchase-money, or a sale with a reserved lien, is imperfectly manifested by its terms. There are certain rules of law applying to contracts for the sale of personal property, to which the courts must resort to aid them in their construction of contracts of this character. The proof shows that, at the date of the contract, the property was then in the possession of the defendant, as a teamster in the employment of Hardy. No further actual delivery or change of possession could be made. It is evident, however, the possession of Lucas, after the making of the contract, was not that of an employé, but that of a purchaser. Nothing remained for the seller to do. The property was specified, and the price definitely fixed, and the manner of payment agreed upon; and possession delivered, and the right of possession transferred to the purchaser. Mr. Justice Clifford, in the case of *Hatch v. Oil Co.*, 100 U. S. Rep. 131, states the law as follows: "Where the specific goods to which

[Lucas v. Pittman.]

the contract is to attach are not specified, the ordinary conclusion is, that the parties only contemplated an executory agreement. Reported cases illustrate and confirm that proposition, and many show that where the goods to be transferred are clearly specified, and the terms of sale, including the price, are explicitly given, the property, as between the parties, passes to the buyer without actual payment or delivery." After citing the authorities, he proceeds : "Standard authorities also show, that where there is no manifestation of intention, except what arises from the terms of the sale, the presumption is, if the thing to be sold is specified, and it is ready for immediate delivery, that the contract is an actual sale, unless there is something in the subject-matter, or attendant circumstances, to indicate a different intention. Well founded doubt upon that subject can not be entertained, if the terms of bargain and sale, including the price, are explicit," &c. "In such case" (he continues), "there is no reason for imputing to the parties any intention to suspend the transfer, inasmuch as the thing to be sold, and the price, have been specified and agreed upon by mutual consent, and nothing remains to be done." To the same effect may be cited 1 Benj. on Sales, § 309, and note.

That the contract created a liability upon Lucas to pay Hardy three hundred dollars for the property sold and purchased, is manifest from the contract itself. That this was the understanding of the parties themselves is equally clear, not only from the payments made and credited as such, but the demand upon the defendant that he complete the payment by further work and labor, or in cash. There is but one clause in the contract from which any contention can arise, and that is this: "such balance being paid by Ransom Lucas, then J. W. Hardy has no further claim on said team." Applying the general principles of law applicable to sales of personal property, we hold that the sale was complete, that the title passed to the purchaser, and all that plaintiff reserved was a mere equitable claim to or lien upon the property for any balance that might remain unpaid. There is no reservation of title by the seller under this contract, nor any terms or provisions which show a conditional sale, by which the parties intended the title to pass at some future time, or upon the payment of the purchase-money. Under such circumstances, there must be a clearly manifested intention by the agreement itself, or attending circumstances, that the parties did not intend a sale and transfer of title, to overcome all the presumptions of law which arise in cases of sales of personal property where the property is definitely specified, the price fixed and agreed

upon, and delivery complete, and nothing remains to be done by the seller.

A mere equitable title or claim will not authorize the plaintiff to recover in an action of detinue.

The plea of defendant, to present the general issue, should have been "*non detinet.*"

Reversed and remanded.