[Payne, Exec'r. v. Long.]

# Payne, Exec'r *v.* Long.

*Action on Promissory Note.*

1. *Evidence; competency of parties as affected by interest.*—In an action on a promissory note in which plaintiff's testator was payee, and the issue is whether there was a material alteration by cutting away a condition, the statement of defendant, the maker, as a witness that he never gave any other note with a condition in it to the plaintiff's testator, or any one else, involves no transaction with the deceased, and is not within the exception to the competency of the parties in interest as witnesses.

2. *Same; same.*—In an action on a promissory note in which plaintiff's testator was payee, and the issues are whether the note was materially altered by payee and the alteration afterwards ratified by the defendant, the maker, he is not competent as a witness to testify for the purpose of impeaching the statement of a witness who was present at a conference concerning this note between deceased payee and defendant, thereby weakening the evidence given of a transaction with or statement of plaintiff's testator with defendant, which is expressly within the reason and spirit of the prohibition of the statute.

3. *Promissory note; ratification after material alteration.*—In an action on a promissory note where the issue is whether the defendant, the maker, had ratified same after a material alteration, a ratification is clearly shown by evidence that after the alteration the defendant made a part payment on the note and promised to pay the balance.

4. *Practice; extension of time for signing bill of exceptions.*—The time for signing bill of exceptions fixed by. the court or judge may be extended by agreement of counsel, and the time fixed may be extended by the judge in vacation.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

This is an action on a promissory note brought by the appellant, E. W. Payne, as the executor of F. M. Payne, against P. M. Long as maker of the note.

For a defense, defendant claimed that when the note was made, there was attached thereto a memorandum which was substantially as follows: "This note is subject to an adjustment about the number of acres included in the deed from Payne to me"; "This note is subject to an adjustment about the number of acres in the Whitney land"; "Subject to adjustment of the land matters between us," which memorandum the defendant claimed had been detached, thereby making a material alteration of the note.

At the trial, the plaintiff introduced J. A. Estes as a witness, who swore that the note had been placed in his hands by F. M. Payne, deceased, for collection, and that he was present at a meeting at the Florence Hotel for the purpose of discussing and making some settlement concerning the note, at which meeting F. M. Payne, deceased, the defendant and witness were present; that, at this meeting, defendant wanted Payne to allow him a credit for a deficit in the number of acres of land in the Whitney place sold by Payne to him, whereupon Payne told defendant that he could not allow him another credit for the deficit as he had already allowed him sufficient credit long before the note sued on was given, when the land was measured, but defendant insisted that the measurement was not made right, and he ought to have and claimed another credit; that Payne refused to allow the credits; that defendant claimed the note had been altered by cutting away a memorandum; that defendant claimed credits that had not been endorsed; that by direction of defendant witness entered the credits on the note; that Long and Payne made an agreement to meet at the office of witness to settle as to the balance due on the note, Long stating to Payne to study the matter over and see if he did not think he (Payne) ought to allow him a further credit for the land deficit; that Long and Payne then agreed that the witness should make a calculation and statement of the amount that would be due on the note at that time; that when about to leave this conference at the Florence Hotel, defendant said that he would make a payment of fifty dollars on the note, which he did and the credit

was endorsed on the note by witness; that, in pursuance
of the agreement, witness, defendant and Payne met at
the office of witness; that defendant then claimed an-
other credit, which Payne allowed, and same was credit-
ed on the note; that defendant did not offer to submit
to arbitration the question as to what was due on the
note, but he did want Payne to submit to arbitration
the questionas to the land deficit; that Payne stated
that the note had never had a condition detached, but
that when the note was given he and defendant had a
settlement, the calculations being on a sheet of paper;
that defendant wrote the note across the top of this
sheet; that he afterwards desired to negotiate the note,
and cut away these calculations; that defendant then
stated that he would pay the note, and offered to pay
the sum of one hundred and fifty dollars if Payne would
allow him a further credit for the land deficit, which
Payne refused to do.

The defendant then offered himself as a witness in
his own behalf, and testified, in substance, as follows:
That F. M. Payne, deceased, Estes and he met at the
Florence Hotel, and that he had a conversation with
deceased about the note sued on; that he told Payne
that the note had been altered in that a memorandum,
to the effect that this note is subject to a settlement be-
tween us; or that this note is subject to a land adjust-
ment between us, had been cut off; that Payne denied it,
and that after a little quarrel he paid Payne $50 to get
him to submit to arbitration—whether or not witness
owed anything, and, if anything, how much,—that he
did not pay the fifty dollars as a payment on the note;
that he did not deny having Estes enter some credits on
the note for some past payments which he had made.
He further testified that the meeting at the office of
Estes was for the purpose of having him assist in the
arbitration, but that Payne refused to go ahead with the
arbitration; that he did not remember having Estes
enter a credit for another past payment while at his
office; that he did not remember offering to pay one hun-
dred and fifty dollars more, but he might have done so
for the purpose of arbitration.

. To the competency of the defendant to testify as .a witness to the several matters and things to which he was called. to testify in his own behalf, the plaintiff objected upon the grounds that his evidence tended to prove a transaction with or statement by plaintiff's testator, a deceased person whose estate was interested in the result of the suit, adversely to that of defendant, which was involved in the issue tried. And, further, because the witness so offered tended to corroborate or weaken, strengthen or rebut, other evidence given of such transaction with, or statement by the deceased. The court overruled plaintiff's objections and permitted witness to testify. Plaintiff duly and legally excepted.

The plaintiff also objected to each question and answer as above set out, upon the same grounds that he objected to the competency of the witness. The court overruled each objection, and limited the testimony to impeachment of the witness Estes, and as to what weight and credibility should be given thereto by the jury, to which ruling the plaintiff excepted.

The defendant's attorney then asked the defendant the following question, which the court, against the plaintiff's objection, allowed the witness to answer: "State whether or not there was ever any other note than the one sued on given by you to any one with a condition attached to it." The plaintiff objected to the answer, and moved the court to exclude the same, because it tended to deny that the defendant had ever given the deceased testator another note with a condition to it, who being dead could not now contradict it. The exception was overruled, and the plaintiff excepted.

The plaintiff then moved the court to exclude the evidence of defendant, because it tended to prove a transaction with or statement by plaintff's testator, a deceased person, whose estate was interested in the result of the suit adversely to that of the defendant, and also because the evidence so offered tended to corroborate or weaken, strengthen or rebut, other evidence given of such transaction with or statements by the deceased which were involved in the issue of the trial. The court

overruled this motion, and plaintiff excepted.

Verdict and judgment were had for defendant; plaintiff appeals, and assigns as error the rulings of the court to which he duly excepted.

On November 16, 1899, by agreement of attorneys, an order was granted allowing thirty days after adjournment of the court for signing bill of exceptions; on January 23, 1900, the time was extended thirty days after time fixed by the last agreement; on February 17, 1900, the time was extended thirty days from that date; on March 16, 1900, the time was extended to ten days from date of agreement.

The appellee insists that the judge had no authority to make the order extending the time for signing the bill of exceptions. He contends that "this could be done only by the court. There being no legal bill of exceptions there is nothing for the court to consider."

ESTES & SMITH and W. E. DAVIS, for appellant, cited *Payne v. Long*, 25 So. Rep. 780; *Miller v. Cannon*, 84 Ala. 63; *Montgomery v. Crossthwait*, 90 Ala. 553, 570.

COLEMAN & BANKHEAD, *contra.*

TYSON, J.—The statement of defendant as a witness that he never gave any other note with a condition in it to plaintiff's testator or any one else involved no transaction with the deceased and is not within the exception to the competency of parties as witnesses under section 1794 of the Code.—*Morrissett v. Wood*, 123 Ala. 384; *Gamble v. Whitehead*, 94 Ala. 335; *Wood v. Brewer*, 73 Ala. 259.

The court, against the objection of plaintiff, permitted the defendant to state his version of a conversation and all else that occurred in the Florence Hotel between himself and the plaintiff's testator for the purpose of impeaching the statements of Estes, who was present, heard and saw all that occurred between them and who had testified to what he saw and heard as a witness for plaintiff. Manifestly the direct office and purpose of this testimony was to weaken the evidence given

of a transaction with or statement by plaintiff's testator with defendant which was declared in *Miller v. Cannon*, 84 Ala. 59, to be expressly within the reason and spirit of the prohibition of the statute. The ruling of the trial court on this point was doubtless influenced by a dictum in the case of *Frank v. Thompson*, 105 Ala. 211; and if the dictum in that case on this point be sound, the ruling was perhaps correct. But what was there said is in direct conflict with *Miller v. Cannon*, *supra*, and no case is cited to support it. Doubtless the case of *Miller v. Cannon* was overlooked. However, after careful consideration, we are clearly of the opinion that *Miller v. Cannon* announces the correct rule, and that the dictum in *Frank v. Thompson* is wrong. We must, therefore, decline to follow it. With this evidence eliminated, the testimony shows, without dispute, a ratification by defendant of the alleged alteration of the note sued upon.—*Payne v. Long*, 121 Ala. 385, s. c. 25 So. Rep. 780.

It is unnecessary to consider any of the other assignments of error.

There is no merit in the objection found in brief of counsel for appellee that the bill of exceptions is no part of the record because of the want of authority in the judge to make the order extending the time for signing it.—Code, § 619.

Reversed and remanded.