# Englehart *et al.* *v.* Richter, Exec. etc.

### *Action on Promissory Note.*

1. *Trial; practice; joint defendants; severance.*—In a civil action against two defendants, both of whom have filed pleas in bar, defendants are not entitled to a severance and separate trials upon their pleas.

2. *Witness; incompetency; burden of proof.*—The burden of showing incompetency of a witness is upon the objecting party.

3. *Same; when burden met; transaction with deceased person; Code, section 1794.*—In an action by an executor upon a promissory note executed by defendants to his testator, the defendants are incompetent as witnesses to give testimony the direct office and purpose of which are to corroborate or strengthen other evidence given of a transaction with or statement by such testator.

[Englehart *et al.* v. Richter, Exec. etc.]

4. *Same; evidence; Code section 1794.*—In an action on a promissory note given to plaintiff's testator, a maker of the note, who is one of the defendants and wife of her co-defendant, is not competent to testify for whose debt the note was given.

5. *Evidence; objections; shifting position.*—The urging in the appellate court of an objection to evidence different from that urged in the lower court is an abandonment of the objection really made, and neither objection can be considered.

6. *General affirmative charge; when improper.*—The general affirmative charge is never proper where the evidence upon any material issue is conflicting, or where different inferences may be drawn therefrom.

7. *Same; when plea of coverture not proven.*—Proof by a defendant that she was the wife of the other defendant at the time the note sued on was executed, without any proof that said note was given for the debt of her husband, does not entitle her to the general affirmative charge on her plea of coverture.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. OSCEOLA KYLE.

This was an action by appellee against appellants on a promissory note for $250 payable to Anna King. In the summons and the caption of the complaint the plaintiff is described as "William Richter, executor of the last will and testament of Anna King, deceased." In the body of the complaint is this clause: "The plaintiff, who sues as the executor of the last will and testament of Anna King, deceased, claims," etc., etc. The defendant, William Englehart pleaded payment and the general issue. His co-defendant, Mary Englehart, pleaded the general issue, want of consideration, and that she was at the time of the execution of the note the wife of William Englehart, and that the note was given for her husband's debt.

Issue being joined on these pleas, the defendants requested the court to hear the evidence on the plea of coveture before the trial of the other pleas, which request was refused and defendant's excepted.

The plaintiff offered in evidence a note payable to Anna King, signed by William Englehart and Mary Englehart, for $250, dated October 18th, 1900, due January 1, 1902. It was admitted that the payee, Anna King, was

dead. One Hattie Baim was then examined as a witness for defendant's, and testified that just before Christmas in the year 1900, Anna King was in defendant's store and had a conversation with William Englehart; that during the conversation Englehart paid Mrs. King two hundred and fifty dollars, and in the conversation something was said as to the payment of the $250 for William Englehart's debt or note, and that Mrs. King told William Englehart that she would return the note when she found it. The witness saw Mrs. King then sign a rereipt as follows:

"$250.00.　　　　　　　Cullman, Ala., Dec. 17, 1900.

"Received of Wm. Englehart *on note in full two hundred and fifty dollars. Amount of note $250.00 due Jan. 1, 1902. Note must be returned when found.* Twenty dollars.　　　　　　　　　　　　　　　Anna King."
"*Paid Dec.* 17, 1900.
"*Date of note,* Oct. 18, 1900."

The witness also testified that she remembered all the receipt except the words "twenty dollars."

Mary Englehart then testified that she was the wife of defendant William Englehart, and was at the store of Wm. Englehart in Dec., 1900, when Anna King had a conversation with Wm. Englehart in the presence of Hattie Baim. She was then asked the following question, to which separate objections were made by plaintiff, which objections were sustained by the court, and exceptions taken by defendants namely: (1.) "For whose debt was this note given?" (2.) "State whether or not you ever had any interest in the debt for which the note was made or were you in any pecuniary manner interested in said debt or the fruit for which it was made?" (3.) "State what, if anything, was said in said conversation about the return of a note?" (4.) "Whether or not witness saw Wm. Englehart pay Anna King, at the time testified to by Hattie Baim, any money?" (5.) "Whether or not witness saw the receipt above mentioned executed?"

William Englehart was then asked: "Did Anna King

in your store in December, 1900, have the conversation as testified to by the witness Hattie Baim?" Plaintiff's objection to this question was sustained, and defendants excepted.

William Richter, as a witness for plaintiff, then testified to his experience in deciphering and comparing handwritings, and that he could tell by examining handwritings whether they were old or new or made in different inks, etc. He was then asked to examine the receipt and state whether or not it had been changed in any way since it was executed. To this question defendants objected for the reason "that witness being an expert had not been sufficiently proved." This objection was overruled, and defendants excepted. The witness replied that the receipt had been altered and was originally for only twenty dollars, and that the words therein which are italicized as above copied were added or interlined at some time since the receipt was made and were in a different ink.

One Bruner, as a witness for plaintiff, then testified that on February 18th, 1900, he went to Wm. Englehart for two notes, the one sued on and another of like amount which Englehart owed Anna King, and that Wm. Englehart told him that the notes were all right and he owed them and gave him the notes to take to Anna King; that one or two days before Anna King's death defendant told witness he had paid the note.

This being all the evidence, the court refused the general affirmative charge requested by defendants, and gave at plaintiff's request the following charge: "If you believe the evidence in this case, you must find a verdict for the plaintiff on the plea of coverture."

From a judgment for plaintiff defendants appeal, and assign as error the several rulings on evidence above mentioned, as well as the action of the court upon said charges.

CURTIS & HIPP, for appellants.—Justice required that the plea of coveture be tried first. If sustained Mary Englehart would have been a competent witness.

The burden was on plaintiff to show that defend-

[Englehart *et al.* v. Richter, Exec. etc.]

ants were not competent witnesses.—*Hill, Fontaine & Co. v. Helton,* 80 Ala. 528; *Hendricks v. Kelly,* 64 Ala. 388;. *Dismukes v. Tolson,* 69 Ala. 386; *Gold Life Ins. Co. v. Sledge,* 62 Ala. 566; *Densler v. Edwards,* 5 Ala. 31; *Hendricks v. Kelly,* 64 Ala. 388.

Defendants were competent to testify to the matters to which plaintiff's objections were sustained.—*Frank v. Thompson,* 105 Ala. 219.

The witness Richter as an expert could not testify to facts, but only to opinions.—12 Am. & Eng. Ency. of Law, 418, 421; 89 Ala. 318.

The suit was by Richter in his individual capacity and not as executor, and hence he was not entitled to recover. *Cox v. McKinnery,* 32 Ala. 461; *Ikleheimer v. Chapman,* 32 Ala. 676; *Freeman v. McCann,* 37 Ala. 714; *Agee v. Williams,* 27 Ala. 644; *Watson v. Collins,* 37 Ala. 587; *Marcy v. Howard,* 91 Ala. 137; *McCoy v. Watson,* 51 Ala. 566.

The general affirmative charge should never be given when there is a conflict in the evidence as to any material fact in issue, or where .the evidence is open to a reasonable inference of a material fact unfavorable to the party requesting the charge.—*L. & N. R. R. Co. v. Lancaster,* 121 Ala. 471; *Anderson case,* 109 Ala. 129; *Moody's case,* 99 Ala. 553; *Daniels' case,* 122 Ala. 362; *Hall v. Posey,* 79 Ala. 84; *Sanders v. Edmonds,* 98 Ala. 157.

F. E. St. John, *contra*, cited as to the admissibility of the evidence of Mary and William Englehart, *Dismukes v. Tolson,* 67 Ala. 386; *Boykin v. Smith,* 65 Ala. 294; *Goodlett v. Kelly,* 74 Ala. 213; *Howle v. Edwards,* 97 Ala. 649; *Miller v. Cannon,* 84 Ala. 59.

TYSON, J.—We know of no rule of practice that required the court to try the issue presented by the pleas of the defendant, Mary Englehart, separately and to accord to her the preference of having her pleas tried first; in other words, to grant to her a severance in the trial of

[Englehart *et al.* v. Richter, Exec. etc.]

the cause. Hers were pleas in bar as were the pleas of her co-defendant.

It is doubtless true that the burden of showing incompetency of a witness is upon the objecting party. But where, as here, the suit is by an executor upon a note executed by the defendants to his testatrix, we apprehend that the burden of showing incompetency is borne and discharged, when the witness offered in defense, is one of the defendants. The record, we think, sufficiently discloses the fact that the witnesses, William and Mary Englehart, were the defendants in the cause, and they were, therefore, incompetent to give "testimony whose direct office and purpose are to corroborate or * * * strengthen other evidence given of a transaction with or statement by" the plaintiff's testatrix with William, as testified to by Hattie Baim.—*Miller v. Cannon*, 84 Ala. 59; *Payne v. Long*, 131 Ala. 438. The *dictum* relied upon in *Frank v. Thompson*, 105 Ala. 219, as supporting a contrary view was declared in *Payne v. Long, supra*, to be wrong. Mary Englehart, being a defendant and one of the makers of the note was clearly not competent to testify "for whose debt the note was given." This statement, if allowed, would certainly have involved a transaction with the decedent whose estate is interested in the result of the suit.—§ 1794 of Code. The manifest purpose of it was to prove the fact alleged in her plea that the debt evidenced by the note was that of her husband.

The only objection taken in the court below to the admission of the testimony of the witness Richter, offered by plaintiff in rebuttal for the purpose of showing that the receipt which had been introduced in evidence by the defendants was not genuine, was that he was not shown to be an expert. The objection urged here is, that he was, as an expert, permitted to state matters as facts, instead of in the form of an opinion. This is clearly a shifting of position—practically an abandonment of the objection taken. The objection now urged, not having been raised in the court below, of course can avail nothing. And the merits of the objection really taken not being insisted upon here will not be considered.

It is next insisted that the general affirmative charge, with hypothesis, requested by defendants, should have been given. This is upon the theory that the evidence shows without conflict that William Englehart had paid the note and, therefore, his plea of payment had been proved. After a careful consideration of the evidence, we are of the opinion that the question of payment *vel non* was properly left to the jury. While it is true that the defendant, Mary, made proof of the fact that she was a married woman, this did not prove or tend in the remotest degree to prove the other fact alleged in her plea— that the note was given for the debt of her husband. As to this latter fact, there is not a scintilla of evidence. Her plea was, therefore, not proven.

There is no merit in the contention that the action was by Richter as an individual and not in his representative capacity. While it is true the summons and caption of the complaint reads "Wm. Richter, executor," etc., omitting the word "as," the body of the complaint clearly shows that he is suing in his representative capacity—"as executor of the will and testament of Anna King," etc.; and this must control.—*Lucas v. Pittman,* 94 Ala. 616.

There is no error in the record, and the judgment must be affirmed.

### *Action on Promissory Note.*

