(125 So. 392)

LAIRD et al. v. TULLY et al.  (6 Div. 378.)

Supreme Court of Alabama.  Nov. 21, 1929.

Rehearing Denied Jan. 16, 1930.

Theodore J. Lamar, of Birmingham, for appellants.

Miller, Graham & Wingo, of Birmingham, for appellees.

GARDNER, J. Complainants, claiming title through one Andrew Tully, filed in August, 1928, this statutory bill to quiet title to the real estate therein described. The defendants are descendants of A. H. Laird, deceased, and from a decree in favor of complainants some of these defendants have prosecuted this appeal.

The real estate here involved is a part of the same tract of land which constituted the subject-matter of the suit of Huey et al. v. Brock et al., 207 Ala. 175, 92 So. 904, 905. The title of the complainants here is derived from the identical source as that of complainants in the Huey Case, so far as the questions here involved are concerned, and the defendants in the instant case are the same parties or their privies as in that cause. The statement of material facts as found in the opinion of the Huey Case will suffice for all present purposes, and needs no reiteration here. Confessedly also the decision in that case, if followed, is of controlling influence upon the present appeal.

The land here involved was sold by the register under decree of the chancery court in February, 1880, deed to the purchaser, Andrew Tully, having been executed on that date. This sale was pursuant to a bill filed in March, 1879, by M. A. May to enforce a vendor's lien on the property; the original purchaser, A. H. Laird, defendants' ancestor, having failed to pay the balance due upon the purchase price. The sum paid by Tully was paid by the register to May in full discharge of the lien and satisfaction of the decree rendered.

Suggesting a point of differentiation, appellants insist that in the Huey Case the court assumed M. N. Gwin was a party defendant as administrator of the estate of A. H. Laird in the suit of May to enforce the vendor's lien, while the more complete record now appearing discloses he was only made a party individually. Whether under the reasoning and authority of Moore v. Alexander, 81 Ala. 509, 8 So. 199, the administrator was a necessary party, or whether under the circumstances no necessity existed therefor, and that authority inapplicable, as held in Cook v. Atkins, 173 Ala. 363, 56 So. 224, is not made to appear. That summons issued and was served upon Gwin in his representative capacity is not questioned, and considering "the frame, averments, and scope of the complaint" (Ala. City, G. & A. Rwy. Co. v. Heald, 178 Ala. 636, 59 So. 461, 462), we are not prepared to yield assent to appellants' insistence.

But all this we may lay aside and leave without decision. The court acquired jurisdiction of the suit as one against the heirs of A. H. Laird to enforce the vendor's lien. Through mistake in the name, initials, or otherwise, in service, some of the heirs (appellants here) insist they were not parties defendant to that suit, and not bound thereby. So much was conceded in the Huey Case, and for the purposes here in hand such concession may extend to the administrator of the estate of Laird, whether a necessary party or not. The equity proceedings, though void as to the appellants, sufficed to vest in Tully, the purchaser at the sale, an equitable title, and placed upon appellants "the necessity of doing equity as a condition precedent to an exercise of the powers of equity for their relief." The purchase money paid by Tully went to relieve the title to the property of an incumbrance subject to which appellants took their title, this payment having

been made more than 48 years prior to the present litigation, far beyond the prescriptive period of 20 years.

We reiterate what was said in the conclusion of the opinion in the Huey Case: "The decisions of this court hold to the doctrine that, in cases like this, a failure, within the prescriptive period, to do equity, is such laches as authorizes and requires an inference that the right to do so has been barred in any one of the modes by which such result may be affected." And in answer to appellants' brief upon this question, we repeat the holding in the Huey Case that the application of this equitable principle in no manner has deprived appellants of due process or equal protection of the law and runs counter to no provision of our state or federal Constitution.

The further insistence that relief should be denied complainants on account of inequitable conduct of Tully is without merit. Conceding, without deciding, that the equitable maxim sought to be given application could be so extended, there is wholly lacking any proof of wrongful conduct. Tully's purchase was at public sale, duly confirmed by the court, with no indication that the price paid for the reversionary interest purchased was not entirely adequate. Further consideration of this insistence is unnecessary. The testimony of the witness Laird, taken orally before the court, appears in the record beginning on page 122. The tenth assignment of error argued by counsel presents nothing of material importance for consideration here. The case is not differentiated in any material respects from the Huey Case, and the affirmance of the chancellor's decree may well be rested upon a citation of that authority. We have indulged the foregoing discussion, however, out of deference to the earnest insistence of appellants' counsel.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.