(135 So. 581)

BABER et al. v. McENTIRE.

8 Div. 278.

Supreme Court of Alabama.

June 18, 1931.

W. H. Long, of Decatur, for appellants.

T. C. Almon, of Decatur, for appellee.

BROWN, J.

This appeal is prosecuted from an interlocutory decree overruling the demurrer of the defendants to the bill of complaint, filed by "Complainant Leroy McEntire, Administrator de bonis non of the estate of Kate Hudson Moore," to foreclose two certain mortgages, copies of which, together with copies of the notes representing the indebtedness secured thereby, are attached to the bill as Exhibits A and B, payable to Mrs. Kate Hudson Moore.

.The appellants' first insistence is that the bill is defective for not alleging that the administrator first appointed is dead, has been removed, or has resigned. This insistence is without merit. Those were matters to be considered by the judge of probate when he appointed the administrator de bonis non.

The next insistence is that it is not alleged that the mortgage debts are past-due and unpaid. This is not only alleged in the bill, but copies of the notes and mortgages are attached as exhibits and made parts of the bill, and these show that the debts were past-due when the bill was filed.

The further insistence is that the suit is not by the complainant suing as administrator de bonis non, but is in an individual capacity, and the averments of the bill disclose no cause of action in such capacity.

While it would be better pleading to allege that the complainant sues in his capacity as the administrator de bonis non, etc., it is well settled that the court may look to the pleading as a whole to determine in what capacity the party sues, and if it appears therefrom that he sues in his representative capacity, the pleading will be sustained, even on demurrer. Dersis et al. v. Dersis et al., 210 Ala. 308, 98 So. 27; B. R. L. & P. Co. v. Morris, 163 Ala. 190, 50 So. 198; Alabama City, G. & A. Ry. Co. v. Heald et al., 178 Ala. 636, 59 So. 461; Lucas v. Pittman, 94 Ala. 616, 10 So. 603.

The judgment here is that the bill as a whole shows that complainant is suing in his representative capacity, and that the demurrer was properly overruled.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.