159 So. 216

**MEAGER v. MEAGER et al.**

**6 Div. 619.**

Supreme Court of Alabama.

Jan. 17, 1934.

Rehearing Denied Feb. 21, 1935.

Theodore J. Lamar, of Birmingham, for appellant.

Hiram Dodd, of Birmingham, for appellees.

---

THOMAS, Justice.

The suit was for a debt alleged to be due by the decedent; the pleas were in short by consent with the usual leave as to the statute of limitations, res adjudicata, etc.

The defendants made a motion to produce a letter written to plaintiff of date of October 15, 1930, which was granted.

In the trial plaintiff testified that James Meager, her father, was deceased; his estate was being administered in the probate court of Jefferson county by the defendants; that he left the will that was in evidence and the defendants were the executors; that she lived with and worked for decedent to the date of his death, did work and labor for him; admitted she received the letter made the subject of the motion the day after its date.

The letter was as follows:

"Sayreton, Alabama, October 15, 1930.
"Miss Nellie Meager, Pratt City, Alabama.

"Dear Sister: Records in file of Probate Court of Jefferson County, Alabama, show you have made claim against Estate of James Meager (deceased), for personal services rendered our father during his lifetime totaling $4,500.00; and $900.00 for additional services in collecting rent and looking after repairs to property.

"Your claim is not a just claim and will not be paid, and I demand you file suit in proper court if you expect any part of your claim paid.

"Yours very truly,
"James G. Meager, Executor of Estate of James Meager (deceased).
"Copy—
"Note. Original mailed Sayreton, Ala., to Miss Nellie Meager, Pratt City, Ala. Special Delivery.
"Oct. 16th, 1930        James G. Meager."

Plaintiff objected to the introduction of the letter on the grounds: "That the same sought to introduce incompetent, illegal and irrelevant testimony, and counsel for plaintiff further contended that if the said letter was offered in evidence for the purpose of showing that James G. Meager, as Administrator, was demanding that suit be brought within six months that it should be excluded and not considered by the Court or jury. That no words of limitation were expressed in the letter, no time limit fixed to bring suit; that it was written by a brother of the plaintiff who was a beneficiary of the estate; it does not purport to be a letter written by a person 'as' Administrator of the estate of James Meager, deceased. The court overruled the objection and permitted the letter to be read to the jury over the protest of the plaintiff who then and there moved to exclude the letter and the consideration thereof by the jury which was overruled by the court, to which objection was reserved."

■ The statutes having application to the issue for decision, Code, §§ 5814, 8968, 8970, 8971, a part of one system and subject, are construed in pari materia.

■■ The notice given was sufficient to set the running of the statute, within which suit may be brought. The earlier cases touching the requirements of pleading when a suit is in a representative capacity are Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Holloway v. Calvin, 203 Ala. 663, 84 So. 737; Alabama City, G. & A. Ry. Co. v. Heald et al, 178 Ala. 636, 59 So. 461. In these cases it has been declared that where the allegations indicate "with reasonable certainty" the intent of such pleader, this is sufficient to fix the character of such a suit. The later cases are in line with Alabama City, G. & A. Ry. Co. v. Heald et al., supra; Laird et al. v. Tully et al., 220 Ala. 380, 125 So. 392; Baber et al. v. McEntire, 223 Ala. 263, 135 So. 581. The analogy of these cases supports the ruling of the trial court.

The letter in evidence will be looked to and considered with the other evidence, as the will designating the scrivener as a personal representative, that showing that he was so qualified and acting as such personal representative of the decedent; that he was a devisee under the father's will, and that plaintiff was likewise a devisee.

The provisions of section 8970 of the Code contain the words, "until the personal representative, or heir, or devisee of such decedent shall, by notice in writing, require such claimant, or any one having the beneficial interest in such claim, to bring suit thereon." The notice given was within the provisions of the statute.

· The ruling of the trial court was free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.