156 So. 846

## QUALLS v. MONROE COUNTY BANK.

### I Div. 828.

Supreme Court of Alabama.

Oct. 11, 1934.

See, also, 25 Ala. App. 459, 148 So. 753.

J. D. Ratcliffe, of Monroeville, for appellant.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellee.

BOULDIN, Justice.

The action was upon a promissory note by the payee against the administrator of the estate of the alleged maker. The issue was upon a plea of non est factum.

The note purports to be executed by Tom Fry, W. M. Fry, and A. J. Qualls, the decedent, who signed by mark, attested by Margaret Simmons.

This witness testified to the execution of the note by decedent with her assistance as stenographer in the bank.

Defendant then offered evidence tending to show decedent recommended the Fry negroes for credit, but did not sign the note.

Dave Qualls, a son and heir of decedent, was permitted to testify, over appropriate objections to his competency as a witness, that his father did not sign the note. On cross-examination the witness said: "My father told Mr. Barnett he couldn't sign the note with the Frys and wouldn't sign it. Mr. Barnett asked him to sign it and he told him he couldn't and wouldn't do it."

In rebuttal plaintiff offered Mr. Barnett, president and stockholder in the bank, who was permitted, over appropriate objections to his competency, to testify that Mr. A. J. Qualls, the decedent, did not say he could not or would not sign the note.

Appellant insists upon this ruling as error to reverse.

The president and stockholder of a banking corporation is incompetent under the statute to testify to statements by or transactions with a decedent whose estate is interested in the result of the suit. Such witness has a pecuniary interest opposed to that of the estate. Code, § 7721; Buye v. Alabama Marble Quarries, 199 Ala. 589, 75 So. 9; Birmingham Purchasing Co. v. Colvin, 219 Ala. 662, 665, 123 So. 45; Wynn, as Administrator v. Tallapoosa County Bank, 168 Ala. 469, 504, 53 So. 228; Englehart et al. v. Richter, 136 Ala. 562, 33 So. 939; Payne, Ex'r v. Long, 131 Ala. 438, 31 So. 77; Wood v. Brewer & Brewer, 73 Ala. 259.

Appellee insists the appellant cannot complain of this ruling because the testimony was in contradiction of the statement of Dave Qualls, an incompetent witness, introduced by defendant, and admitted over objection of plaintiff.

Appellant insists that Dave Qualls was a competent witness to testify as above shown because in the nature of a denial of any transaction between decedent and the bank of the character involved in the suit. The trial court seems to have held this view.

In Blount v. Blount et al., 158 Ala. 242, 48 So. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392, it was held, to state it broadly, that a party to a suit may testify there was no transaction at all between him and a deceased person whose estate is interested in the result of the suit. In that case a bill was filed by the alleged grantor to cancel a deed as a cloud on his title upon the ground that the instrument was a forgery. The original was lost, the grantee dead, and complainant was confronted with a record of a deed purporting to have been duly executed, acknowledged, and recorded, so as to become prima facie evidence under the statute. Complainant was held competent to testify he never executed nor acknowledged the conveyance. The decision, by a divided court, was based somewhat on the doctrine of necessity to avoid frauds and forgeries perpetrated through recorded instruments. The ruling was adhered to on second appeal, but complainant failed on the proof. Freeman v. Blount et al., 172 Ala. 655, 55 So. 293. See, also, Warten et al. v. Black, 195 Ala. 93, 103, 70 So. 758.

Our later cases have tended to confine the rule to cases strictly within its terms, and not to extend it to open the door to interested parties on one side to give evidence as to the nature, scope, and obligations assumed in a transaction while closing the door on the other.

The well-defined purpose of the law is to seal the lips of living parties where death has sealed the lips of others.

Both negative and affirmative testimony are within the rule. Pollak v. Winter, 197 Ala. 173, 72 So. 386; McKleroy et al. v. Musgrove, 203 Ala. 603, 620, 84 So. 280; O'Rear et al. v. Kimbro, 227 Ala. 22, 148 So. 435; Jernigan v. Gibbs, 206 Ala. 93, 89 So. 196; Boykin v. Smith, 65 Ala. 294; Miller, Adm'r v. Cannon & Co., 84 Ala. 59, 4 So. 204; Dismukes & Patrick v. Tolson & Barrett, 67 Ala. 389.

In the instant case it is not disputed that the decedent was present and participated in the negotiations leading to the execution of the note. The only question is whether his activities extended to signing the note or merely recommending the Fry negroes to the bank.

We hold, therefore, that Dave Qualls was incompetent to testify to the alleged conversation between his father, the decedent, and Mr. Barnett of the bank.

Defendant having introduced an incompetent witness to prove such alleged conver-

sation, he waived any right of objection, because of incompetency of Mr. Barnett; his testimony being limited to a denial of the specific matter testified to by Dave Qualls.

■ We approve the rule as stated in Jones on Evidence (2d Ed.) § 783, as follows: *"If the representative testifies or calls other witnesses interested in the estate to testify as to transactions or communications of the deceased or incompetent with the adverse party, he thereby waives his right to object to the testimony of the adverse party. But the adverse party is competent only as to those transactions or communications concerning which testimony has been given,"* etc.

A like or kindred principle is recognized in our decisions. Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264.

Other rulings assigned as error present no ground for reversal. No discussion of same is deemed necessary.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.