165 So. 820

# RICHARDS v. WILLIAMS.

## 6 Div. 846.

Supreme Court of Alabama.
Jan. 23, 1936.

J. Reese Murray, of Birmingham, for appellant.

Robt. E. Smith, of Birmingham, for appellee.

452

THOMAS, Justice.

The judgment was rendered on the 15th day of March, 1935; the motion for a new trial overruled on the 27th day of May, 1935; the appeal taken September 19th, and citation served on the 20th of September, 1935. The bill of exceptions was presented on August 23, 1935, signed by the judge presiding in court on October 14, 1935, and fails to set forth the motion for a new trial and the ruling thereon.

The security for costs was in terms, "for costs of appeal to the Supreme Court in the above case, returnable to the present term thereof. And for the payment of the above bond, we hereby waive our right of exemption to personal property under the Constitution and Laws of the State of Alabama."

The citation of appeal of date of September 20, 1935, recited the names of the respective parties; was issued to appellee or his attorney of record, citing him "to appear at the next term, 1935, of the Supreme Court of Alabama, to defend on said appeal, if" he should think proper to do so.

■ The appeal will be taken and considered as from the decision and judgment of date of March 15, 1935, and not that on the motion of date of May 27, 1935.

The appellee-movant contends that the failure of the bill of exceptions to include the decision of the court on the motion and the evidence taken in support of the motion, "notwithstanding the fact that there is a reference to the same in the minute entry as required under section 6088 (Code), leaves before the court for consideration one judgment—that of March 15, 1935. There is no other judgment before this court. The appeal must relate back to the original judgment, there being nothing subsequent to that time upon which the appeal may properly relate."

We will now consider this primary question: What was the effect of the motion for a new trial, its respective continuances to May 23d for the hearing and submission on the motion, and the decision thereon of date of May 27, 1935?

The failure of the appellant to reserve an exception to review the action of the court in the ruling on the motion in the bill of exceptions, the correctness of that ruling and judgment entered is not now presented. However, did the motion have the effect of suspending the operation of the judgment entered pursuant to the verdict of the jury, as affecting the time when an appeal may be taken? For the purpose of an appeal, did the six months run from the date of May 27, 1935, the date of the ruling on the motion, within the term, and at a time of its due continuance?

■ The foregoing facts and motion to dismiss the appeal and strike the bill of exceptions will be tested by or within the following established rules, or the analogy therefrom: (1) The rules that here obtain as to finality of judgments and motions for new trials are the same as before the act of 1915, Acts 1915, p. 722. Patterson v. State, 229 Ala. 270, 156 So. 567. (2) If an appeal is not taken within the period of the statute, a question of jurisdiction is presented to this court. Gunter v. Mason, 125 Ala. 644, 27 So. 843; Folmar et al. v. First Nat. Bank of Montgomery, 223 Ala. 625, 137 So. 777; Tatum v. Williams (Ala.Sup.) 164 So. 387.[1] (3) If there was a motion for a new trial and the motion was duly continued to a hearing and decision, the time within which an appeal

[1] Ante, p. 269.

may be taken under the statute is counted from the date of the judgment entered on that motion. Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; King v. Scott, 217 Ala. 511, 116 So. 681; Collins Paving Co. v. Holseapple, 221 Ala. 308, 128 So. 599. (4) The fact that no exception was reserved, or question duly presented by the bill of exceptions to the judgment rendered on the motion, does not change the rule as to time within which an appeal may be taken. (5) The last indicated rule held not to apply to default judgment and motion to set it aside. Collins Paving Co. v. Holseapple, supra. (6) If there was a motion for new trial, duly continued, and submitted within the term, taken by the court for decision, and judgment sought to be pronounced beyond the term, or declined for lack of jurisdiction, the time within which the appeal may be taken is counted from the date of judgment on the trial. Folmar et al. v. First Nat. Bank of Montgomery, 223 Ala. 625, 137 So. 777; Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689; Stallings v. Clark et al., 218 Ala. 31, 117 So. 467. (7) That a determination on the merits of a motion for new trial, without objection to the court's authority to hear the same, because of the record's failure to show order of continuance, is waiver thereof, barring complaint on appeal. King v. Scott, 217 Ala. 511, 116 So. 681; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Hollingsworth et al. v. Miller et al., 212 Ala. 187, 101 So. 881. The effect of these decisions is, that a motion for a new trial has the effect of suspending the running of the statute and affecting the time within which an appeal may be taken and maintained, only where there is a valid judgment on such motion.

■ It follows from the aforestated facts, that the appeal in this case was taken within the period of the statute (Tatum v. Williams, supra), and that no lack of jurisdiction is presented. The motion to dismiss the appeal is, therefore, denied, and the motion to strike the bill of exceptions is overruled.

■ The overruling of the motion to grant a new trial upon the ground that the verdict is excessive is assigned as error. This motion was not embraced in the bill of exceptions; hence there is nothing presented for review, as we have indicated. There was evidence, which, if believed, authorized the verdict rendered. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

■ The plaintiff testified to no "transaction with or statement by the decedent," but to the collateral fact that he rendered services, and the reasonable value of these services at the time and place. This was not a violation of the statute. Section 7721, Code. Warten et al. v. Black, 195 Ala. 93, 70 So. 758; Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63; Hunt et al. v. Murdock, 229 Ala. 277, 156 So. 841. See, also, Qualls v. Monroe County Bank, 229 Ala. 315, 156 So. 846. The several questions and answers made the bases of assignments of error 2 to 10 inclusive did not offend the statute and were within the rule of Warten et al. v. Black, and Hunt et al. v. Murdock, supra.

The claim declared upon was duly verified and presented by filing in the office of the judge of probate as provided by the act of 1931 (Gen.Acts 1931, page 840) amending section 5815 of the Code. Meager v. Meager et al., 229 Ala. 680, 159 So. 216.

■ The court duly submitted the questions of fact under the express and implied contract and count to the effect, that plaintiff rendered certain services to defendant's testate for his (testate's) material benefit, and which said testate knew were to be and were rendered, and knowingly accepted their rendition and the results and benefits thereof. The rule is that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered.

■ There was no error in allowing the plaintiff as a witness to answer the question: "Q. I will ask you, Mr. Williams, as to whether or not at the time of Mr. Eckerle's death you had collected funds due him, as his agent, for which you had not accounted to him? * * * A. Absolutely not, no sir." The witness Scholl had testified at the instance of the defendant that the deceased had told witness that appellee had beat him out of $280, or something on some rent; and that deceased had advanced appellee moneys. The question and answer were in rebuttal, and such was the tendency of evidence by Scholl. It was not a violation of the rule as to transactions with the deceased. Blount v. Blount et al., 158 Ala. 242, 48 So. 581, 21 L.R.A.

454

(N.S.) 755, 17 Ann.Cas. 392; Mitchell v. Bottoms et al., 228 Ala. 225, 153 So. 424; Qualls v. Monroe County Bank, 229 Ala. 315, 156 So. 846. It was not of a transaction with deceased, but a reply to the evidence brought out by defendant.

The fourth count is for breach of contract, wherein it is alleged that plaintiff agreed to attend to the personal needs and affairs and business of defendant's testate in consideration of the latter's agreement to compensate him by provision in his will; that "plaintiff avers that he performed the said services for the said Charles E. Eckerle, Deceased, from, to-wit: the 8th day of July, 1927, up to, to-wit: the 1st day of January, 1933, but that the said Charles E. Eckerle, Deceased, breached his said contract with the plaintiff in this, that he failed to reward the plaintiff for his said services by not including in his last will and testament a bequest in the plaintiff's favor, wherefore he claims damages as aforesaid. * * * Plaintiff avers that he duly filed his claim against the estate of Charles E. Eckerle, Deceased, in the Probate Court of Jefferson County, Alabama, within the time required by law, and that on, to-wit: the 13th day of June, 1934, the defendant, as executrix of the last will and testament of Charles E. Eckerle, Deceased, served notice on the plaintiff that his said claim was disputed in whole, and that he was required to bring suit on same." The breach of such agreement could not have been assumed within the life of the testator. Allen et al. v. Bromberg et al., 147 Ala. 317, 41 So. 771. The general affirmative charge was requested as to recovery under the fourth count on the ground that the verified claim filed in the probate office was not sufficient to warrant such action.

The complaint alleges that a verified claim was duly filed in the probate office. The general issue served the same purpose as a plea of nonclaims.

All of the evidence was duly admitted under the common counts. There was no reversible error in refusing the affirmative charge in question, or in ruling on demurrer to pleas 2 and 3.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

