SADIE PROCACCIANTI *vs.* GIUSEPPE PROCACCIANTI, *Ex'r.*

DECEMBER 2, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit to recover on a claim against an estate was tried before a justice of the

superior court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $1686.50. Thereafter the trial justice granted the defendant's motion for a new trial unless the plaintiff filed a remittitur of all the verdict in excess of $1111.50. Such remittitur was duly filed and the defendant thereupon prosecuted his bill of exceptions to this court. However, the only two exceptions briefed or argued are to the denial of his motions "to strike out the declaration" and for a directed verdict. All other exceptions are deemed to be waived.

The plaintiff is the widow of Rudolph Procaccianti, who died testate. His will was probated in the probate court of the city of Providence and the defendant Giuseppe Procaccianti was appointed and qualified as executor thereof. Plaintiff duly filed a claim against the estate of her late husband in the amount of $1686.50, which claim was disallowed by said executor. Complying with the statute, the plaintiff in due time commenced a suit on such disallowed claim by issuing a writ dated October 1, 1947 which summoned "Giuseppe Procaccianti, alias John Doe, Executor of the Estate of Rudolph Procaccianti, of the City and County of Providence, in the State of Rhode Island" to answer the complaint of the plaintiff on November 19, 1947 in the superior court at Providence in an action of assumpsit "as by declaration to be filed in court will be fully set forth * * *." The writ and declaration were duly filed in the superior court. The declaration is in four counts, each of which expressly alleges that Giuseppe Procaccianti, named as defendant in the writ, was being sued "in his capacity as Executor of the Estate of Rudolph Procaccianti * * *," and also alleges all the necessary facts to support a suit on the claim which was filed against that estate and was disallowed by the defendant as executor thereof.

The defendant without appearing specially and filing a plea in abatement or other pleading to the writ or jurisdiction filed only a plea of the general issue to each count and went to trial thereon. At the conclusion of all the

evidence the defendant moved "to strike out the declaration" and also for a directed verdict, both on the ground of alleged variance between the writ and the declaration. The first motion being of doubtful standing in our practice, the trial justice apparently treated both as virtually amounting to a single motion to direct a verdict for the defendant on the ground that the declaration sounded only against the estate and was therefore at variance with the writ. Therefore while defendant has an exception to the denial of each of these motions, they are argued as one and we shall treat them as one exception to the motion to direct a verdict for the defendant.

The controlling question, therefore, is whether the writ as issued against "Giuseppe Procaccianti, alias John Doe, Executor of the Estate of Rudolph Procaccianti" is to be considered as a writ against Giuseppe Procaccianti individually or as one against him in his capacity as executor of the estate of Rudolph Procaccianti.

The defendant contends in substance and effect that this question must be answered from a consideration of the writ alone without any reference to the declaration; that so considered the language following defendant's name, viz., "alias John Doe, Executor of the Estate of Rudolph Procaccianti," is merely descriptio personae as a matter of law; and therefore that as a matter of law the writ must be considered as running only against the defendant individually. In support thereof he cites the cases of Gilbane v. Hawkins, 29 R. I. 502, Carney v. Hawkins, 34 R. I. 297, and De Cesare v. Bedrosian, 67 R. I. 430, as controlling authorities and for that reason contends that the trial justice erred in denying his motion to direct a verdict for the defendant on the ground of a variance between the writ and the declaration.

In the circumstances here we do not agree with any of these contentions. Speaking generally it is true, as defendant argues, that the writ is the process whereby the action is commenced and jurisdiction over the person named

therein is obtained by the court. But it does not follow therefrom that the language of a writ, which reasonably describes the defendant in his representative capacity at least as clearly as it might be found to describe him individually, must nevertheless be considered as a matter of law to be merely *descriptio personae* so as to summon only the defendant individually. Certainly that conclusion does not follow where defendant has not attacked such a writ by any timely special pleading but has relied solely on a plea of the general issue to the declaration.

In our judgment the defendant by his contention that any such descriptive language in a writ must be considered as mere *descriptio personae* as a matter of law thus assumes, favorably to his view, the answer to the precise question which we must determine, namely, whether the language in the writ which reasonably may describe and identify the defendant's representative capacity must nevertheless, even in the absence of special pleading, be considered as mere *descriptio personae* as a matter of law. In other words, we must determine first who is the defendant legally summoned by the descriptive language in this writ.

Undoubtedly the use of the words "as" or "in his capacity as" before the word "Executor" in the instant writ would be better pleading and make for more certainty. But in our opinion it cannot be said reasonably that the descriptive language following the defendant's name in the writ is necessarily and of itself *repugnant* to a suit against the defendant in his capacity as executor of the estate. Nor is the language so incomplete or incorrect that it fails reasonably to identify the defendant's representative capacity. At most such language, through the absence of "as" or its equivalent before "Executor," appears to be uncertain only to the extent that it might be construed to support a suit either against defendant individually or against him as executor of said estate. See *De Cesare* v. *Bedrosian, supra.*

However, if the writ and declaration are considered together, no such uncertainty arises and it thereby becomes evident that the writ and cause of action were intended to run solely against the defendant in his representative capacity. The declaration expressly alleged that defendant was being sued "in his capacity as Executor," and otherwise alleged necessary facts that could support evidence and a judgment only against the defendant in such representative capacity. When the defendant moved for a directed verdict the writ and the declaration were before the court as a result of his plea of the general issue and the trial thereon. In the circumstances we think both could be considered together in deciding whether the defendant was described in the writ in his individual capacity or in his capacity as executor of the estate of Rudolph Procaccianti.

But the defendant argues strongly that according to the cases previously cited the language of the writ here must be considered as *descriptio personae* as a matter of law. In our opinion none of these cases supports such a contention. As a matter of fact, in the pertinent cases relied on by defendant the court not only considered both the writ and the declaration but expressly made the declaration as originally filed the controlling factor in each decision.

In *Gilbane* v. *Hawkins, supra,* which is a leading case, the court examined "the papers in the case" and pointed out that the declaration contained only the common counts; that it alleged only the contracting of an indebtedness by the defendant individually; and that no count set forth any facts upon which a judgment against the estate could be sustained. After thus considering the declaration and the writ, the court stated: "Even if the words in the writ and declaration which follow the name of the defendant, viz.: 'Administrator of the Estate of James Gilbane, deceased, late of Central Falls, in said County,' could be so read as to describe the defendant *as executor of the will of said James Gilbane,* as we understand the fact is conceded to be, it is perfectly clear that even then, *in view of the allegations in*

*the declaration,* these words must be considered simply as *descriptio personae* and not otherwise." (italics ours) That is far from holding that in the absence of a proper special plea the writ must always be considered alone, or that regardless of pleadings such descriptive language in a writ must be considered as mere *descriptio personae* and held as a matter of law to support only a suit against the defendant as an individual.

When the same case came before the court again in *Carney* v. *Hawkins, supra,* the parties had attempted by agreement to amend the writ and declaration so that both would run unequivocally against the defendant in his representative capacity. But naturally, having already found in the same case from the *writ and original declaration* that they constituted only a cause of action against the defendant individually, the court consistently held that the amendments attempted to substitute a different cause of action from that originally filed and therefore could not be allowed.

Similarly in *De Cesare* v. *Bedrosian, supra,* this court did not hold that the writ must be considered alone or that the language thereof must always be considered as *descriptio personae* regardless of the circumstances and the nature of the declaration as originally filed. There the writ summoned "Mugrdich Bedrosian, Executor of the Estate of Alexander Bedrosian, of East Providence, County of Providence, R. I." The defendant filed no special pleading but relied solely upon a plea of the general issue as in the instant case. The declaration alleged an action only against the defendant individually and could not have supported evidence or a judgment against him in his representative capacity. At the conclusion of all the evidence the plaintiff moved to amend the declaration so as to allege facts necessary to state an action against the defendant solely in his representative capacity. The trial justice allowed the amendment.

In reversing such ruling this court conceded there was uncertainty in the language of the writ to the extent that it, "considered alone, might be construed, at best, as supporting

a suit against either the defendant individually or against the defendant in his capacity as executor of the estate." But in the absence of special pleading both the writ and the declaration were considered in determining the true character of the language in the writ. From such a consideration of both writ and declaration, following the precedent in *Gilbane* v. *Hawkins, supra,* it was clear that the declaration was entirely lacking in the essential allegations of an action on a claim against the estate and could support evidence and a judgment only against the defendant individually. Therefore it was concluded that the writ and cause of action ran against the defendant individually, so that the proposed amendment amounted to a complete change in the cause of action and was governed by *Carney* v. *Hawkins, supra.* That conclusion, therefore, is in keeping with the established practice of considering both the writ and declaration, where no special pleading thereto has been filed, in order to determine the true character of such descriptive language in the writ.

In our opinion the instant case is governed by *Lewis Historical Publishing Co.* v. *Greene,* 40 R. I. 309, hereinafter referred to as the *Lewis* case, which was not cited by the defendant. There the writ summoned "Charles W. Greene of Warren, County of Bristol, State of Rhode Island, and John E. Bolan of Providence, County of Providence, administrators of the estate of Abby A. Cole late of Warren deceased * * *." As in the instant case no special plea was filed to the writ, the defendants merely pleading the general issue to the declaration as originally filed; and the allegations of the declaration showed clearly that the plaintiff relied solely upon a claim against the deceased's estate. The court, following the precedent in *Gilbane* v. *Hawkins, supra,* considered both the writ and declaration and thereupon held that the language of the writ was not to be treated as *descriptio personae* as a matter of law, since it was clear from the declaration that the writ

described and summoned the defendants in their representative capacity.

It should be noted that the descriptive language following the defendants' names in the writ in the *Lewis* case is substantially the same as that in *Gilbane* v. *Hawkins, supra,* which latter case was there cited in argument to the court as authority requiring it to hold the language of the writ in the *Lewis* case to be merely *descriptio personae* and surplusage as a matter of law. But the court held otherwise. The only substantial difference between those two cases is that a consideration of the original declaration in the *Gilbane* case showed that it could support an action only against the defendant individually, whereas the declaration in the *Lewis* case sounded exclusively against the defendants in their representative capacity. In other words, where a defendant files no special pleading and relies solely on a plea of the general issue, the declaration as *originally* filed, if unequivocal, has been used to control the determination of whether such language in the writ should be construed as surplusage or as descriptive of the defendant in his representative capacity.

Similar constructions and results have been adopted in other jurisdictions. *Yarrington* v. *Robinson,* 141 Mass. 450; *Englehart* v. *Richter,* 136 Ala. 562; *Trask* v. *Karrick,* 87 Vt. 451; *Baber* v. *McEntire,* 223 Ala. 263.

In *Yarrington* v. *Robinson, supra,* the writ commanded attachment of the goods or estate of the defendants, who are described as "administrators of the estate of George W. Simmons, late of said Boston, deceased." The declaration was that the defendants, "as they are administrators of the estate of George W. Simmons" owed the plaintiff according to the account annexed, which was captioned "The estate of George W. Simmons to Perry Yarrington, debtor." Thus the facts are substantially the same as in the instant case. The supreme court of Massachusetts declared: "It is manifest that the suit is against the defendants in their capacity of administrators, and that, if the plaintiff obtained

judgment, the execution for the debt or damages would run against the goods and estate of George .W. Simmons, deceased, in their hands as administrators * * * and not against the goods, estate, and bodies of the defendants."

In *Englehart* v. *Richter, supra,* the court stated at page 568: "While it is true the summons and caption of the complaint reads 'Wm. Richter, executor,' etc., omitting the word 'as,' the body of the complaint clearly shows that he is suing in his representative capacity—'as executor of the will and testament of Anna King,' etc.; and this must control." To the same effect see *Trask* v. *Karrick, supra,* and *Rich* v. *Sowles,* 64 Vt. 408.

Again, in *Baber* v. *McEntire, supra,* the court was confronted, although in an equity case, with a contention like that made by the defendant in the instant case and there stated: "While it would be better pleading to allege that the complainant sues in his capacity as the administrator de bonis non, etc., it is well settled that the court may look to the pleading as a whole to determine in what capacity the party sues, and if it appears therefrom that he sues in his representative capacity, the pleading will be sustained, even on demurrer." To a similar effect see also. *Heinrich* v. *Ellis,* 113 Ind. App. 478, and *Hanen* v. *Lenander,* 178 Iowa 569.

On the other hand the defendant has presented the case of *Chapman* v. *Spence,* 22 Ala. 588, as the strongest in support of his contention. In our opinion, however, that case is clearly distinguishable because the writ there obviously failed to describe the plaintiff's official capacity in conformity with the description of such officer as provided in the constitution of the state. and there was a total departure in the declaration from the writ. Moreover, if the test otherwise stated therein be applied to the language of the instant writ, that case is not contrary to anything held here but really supports our final conclusion.

It therefore appears in this jurisdiction, and at least in certain of the others following substantially the same forms

of pleading and practice, that so long as no timely special plea has been filed to the writ the court has considered both the writ and the original declaration in order to determine the true meaning of language in the writ that to reasonable intendment substantially describes the defendant's representative capacity; and in such circumstances it has used the original declaration, if unequivocal, as a controlling factor in the decision.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

CONDON, J., dissenting. The writ in this case is unquestionably directed to Giuseppe Procaccianti in his individual capacity. The words "Executor of the Estate of Rudolph Procaccianti" appended to defendant's name are in law merely *descriptio personae* and must be treated as surplusage. *De Cesare* v. *Bedrosian,* 67 R. I. 430; *Carney* v. *Hawkins,* 34 R. I. 297; *Gilbane* v. *Hawkins,* 29 R. I. 502. In each of those cases this court held as a matter of law that similar descriptive language could not furnish a basis for construing the writ as having been issued against the defendant in his representative capacity. There is no suggestion in any of them that it was a question of fact whether, in connection with other facts or circumstances appearing outside the writ, such appended language imported something more than mere description.

If on account of conflicting language in the declaration we are now to say that it is a question of fact whether the language in the writ is or is not merely *descriptio personae,* it would be the jury's province and not the court's to resolve it. Manifestly it is neither a question of fact nor a question of mixed law and fact suitable to submit to a jury but a pure question of law for the court. As such this court long ago answered it by holding language thus appended to the name of a defendant in the writ to be merely *descriptio personae.*

In the case at bar the plaintiff did not declare against the defendant in the language of the writ but averred that she was suing him *as* the representative of the estate of Rudolph Procaccianti .on a claim which she alleged she had against the estate. Having thus departed from her description of the defendant in the writ she did not seek to amend it to make it conform to the averments of her declaration. Of course if she had done so her motion to amend could not properly have been granted. *Carney* v. *Hawkins, supra.* To permit an amendment of that kind would, as was said in that case at page 303, be to transform the original suit commenced by the writ into "a different cause of action against a party not the defendant in the original suit * * *."

No matter how indulgently we may view the pleading of the plaintiff in the case at bar we cannot escape the fact that there is an obvious variance between her writ and declaration. Unless we are going to overrule the above-cited cases *sub silentio* we ought not to sanction the course of pleading followed by the plaintiff here. As long as those cases stand as authority for what was *decided* therein as distinguished from isolated passages of the opinions of the court which may be tortured into something different from the *decisions,* we cannot properly avoid holding that there is a fatal variance here between the writ and the declaration.

Adhering to the established principles of common-law pleading as I must under the practice in this state, I hold that there was such a variance and that the trial justice erred in not directing a verdict for the defendant. I concede that in many if not most of our sister states where the system of common-law pleading has been supplanted by the so-called code procedure or has been otherwise radically modified by statute this view might not be tenable, but in this state where, except for a few mild statutory modifications of its more rigorous rules, that system has been retained in much of its pristine purity, I think such view is inescapable.

Under that system of pleading it is elementary that the writ is the foundation of the action and that in all essential particulars as to the parties and the cause of action the declaration must conform thereto. At common law and with us the issuance of the writ marks the commencement of the action and it is served upon the defendant before the declaration is filed. The original writ may, but need not, contain the declaration. Except in a few actions such as on simple contract, the common counts, or on book account originating in the district courts, the declaration is usually filed in court on the return day of the writ as was done in the case at bar. This is very unlike the practice under the code procedure where there is but one form of action and it is commenced by the filing of a complaint in the office of the clerk of court after which a summons together with a copy of the complaint is then served upon the defendant. And under that system of procedure it is usually expressly provided that at any time in the discretion of the court as it deems just such process may be amended provided only that material prejudice will not thereby result to the substantial rights of the party against whom the process was served.

There is no comparable provision in our law either by rule or statute, probably because of the great importance of the writ at common law as the sole means by which the court acquires jurisdiction over the person of the defendant as well as over the particular form of action set forth therein. The declaration plays no role in that respect and is merely auxiliary to the writ in more particularly averring the facts out of which it is claimed the right to the specified form of action arose as a remedy for the redress of the wrong or wrongs alleged. For this reason the defendant against whom the cause of action is averred in the counts of the declaration must correspond precisely to the person described as the defendant in the writ. Since the declaration here clearly fails in this respect and since the defect in the writ is unamendable the variance is fatal to the plaintiff's

318

suit as commenced by her writ. As to a party plaintiff, the rigor of this rule has been much relaxed by statute, but not as to a party defendant. *Narragansett Milling Co.* v. *Salisbury,* 53 R. I. 296, 300.

Because I think the principles of law outlined above are binding upon us until expressly repudiated by our over-ruling the above-cited cases, or until our system of pleading and procedure is further modified by statute or rule, I cannot subscribe to the opinion of the majority but must respect-fully dissent therefrom.

*Joseph Goodman, William I. Matzner,* for plaintiff.

*Joseph Mainelli, Edmund J. Carberry, Jr.,* for defendant.