Aleine Weaver Larrimore filed for divorce from her husband, Robert Clay Larrimore, Jr. Robert Larrimore counterclaimed for divorce, alleging that Aleine had committed adultery. In support of his adultery claim, Robert Larrimore subpoenaed Stuart Dubose, a local attorney who was also employed part-time as the city prosecutor, to appear and answer questions about Aleine's alleged adultery.
As a result of this subpoena and the gossip it engendered, Dubose and his wife, Allison Dubose, sued Robert Larrimore. The claims alleged in the complaint included abuse of process, slander by publishing a false statement accusing Stuart Dubose of the indictable offense of adultery, and civil conspiracy. The conspiracy charge was dismissed before trial.
Larrimore filed multiple motions for a summary judgment, which the trial court denied. The jury returned a general verdict in favor of the Duboses for $33,000 in compensatory damages and $200,000 in punitive damages. Larrimore moved for a judgment as a matter of law ("JML"), or, in the alternative, a new trial or a remittitur. He also requested a hearing on whether the punitive-damages award was excessive, in light ofHammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green OilCo. v. Hornsby, 539 So.2d 218 (Ala. 1989). The trial court denied all of Larrimore's motions.
Larrimore appealed to this Court, alleging that the trial court had erred (1) in denying the JML on (a) Allison Dubose's slander claim, (b) Stuart Dubose's slander claim, and (c) Stuart Dubose's abuse-of-process claim; (2) in not granting a new trial on the ground that the verdict was against the great weight of the evidence; (3) in failing to properly charge the jury; (4) in its rulings on certain evidentiary matters; (5) in not granting a new trial on the ground of improper extraneous jury influence; (6) in allowing the plaintiffs' punitive-damages claim to go to the jury; (7) in failing to order a Hammond/Green Oil hearing to determine whether the punitive-damages award was excessive; and (8) in failing to reduce what he says was an excessive award of punitive damages.
 "`The standard of review applicable to a [JML] or to a denial of a motion for a [JML] is whether the nonmoving party has presented substantial evidence in support of his position.' K.S. v. Carr, 618 So.2d 707, 713 (Ala. 1993). `Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Fleetwood Enters., Inc. v. Hutcheson, 791 So.2d 920, 923 (Ala. 2000).
Larrimore argues, first, that because the Duboses offered no evidence that he had slandered Allison Dubose, the trial court erred in allowing Allison Dubose's slander claim to go to the jury. Slander is a species of defamation, and
 "[t]o establish a prima facie case of defamation, the plaintiff must show that the defendant was at least negligent, see Mead Corp. v. Hicks, 448 So.2d 308
(Ala. 1983); Restatement (Second) of Torts § 558, § 580B (1977), in publishing a false and defamatory statement to another concerning the plaintiff, Restatement (Second) of Torts § 558, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod). Restatement (Second) of Torts § 558; see also Albert Miller Co. v. Corte, *Page 62 
 107 F.2d 432 (5th Cir. 1939), cert. denied, Corte v. Albert Miller Co., 309 U.S. 688 (1940)."
Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085, 1091 (Ala. 1988) (footnote omitted). Larrimore correctly asserts that the Duboses presented no evidence indicating that he ever made a false statement "to another concerning the plaintiff" Allison Dubose. Allison admitted in her deposition that Larrimore never made a false statement about her. Instead, the only statements attributed to Larrimore related to the possibility that Stuart Dubose was having an extramarital relationship with Aleine.
The question whether a wife has a cause of action for allegedly false and defamatory statements made about her husband's relationship with another woman does not appear to have been addressed previously by this Court. This Court has held that family members of a person allegedly defamed after her death could not bring a defamation action because defamation is personal, and such an action cannot be brought after the death of the alleged victim. Fitch v. Voit, 624 So.2d 542 (Ala. 1993). The United States Court of Appeals for the old Fifth Circuit has stated:
 "The tort action of defamation is personal to the party defamed. See W. Prosser, The Law of Torts § 111 (4th ed. 1971). The general rule precludes a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. See W. Prosser, The Law of Torts § 111 (4th ed. 1971); 50 Am. Jur.2d, Libel and Slander § 311; Annot., 132 A.L.R. 891 (1941)."
McBeth v. United Press Int'l, Inc., 505 F.2d 959, 960 (5th Cir. 1974).
The holdings from other jurisdictions are instructive on the issue currently before us. A federal district court in Puerto Rico has stated that a wife does not have an independent cause of action for defamation when her husband is accused of adultery, because the defamatory accusation does not defame her. Flamand v. American Int'l Group, Inc.,876 F. Supp. 356, 372-73 (D. Puerto Rico 1994). An Indiana court has held that "a libel and slander upon the memory of a deceased person which does not directly reflect upon the deceased's relatives, or upon his former associates, gives them no cause of action for libel, in their own right, upon the ground that the defamation tended to subject them to ridicule or contempt. See 53 C.J.S. Libel and Slander § 145 (1948)." Lee v.Weston, 402 N.E.2d 23, 26 (Ind.Ct.App. 1980).
We are persuaded that an allegation of adultery by one spouse does not defame the other spouse. Therefore, we hold that the trial court erred in denying Larrimore's motion for a JML as to Allison Dubose's slander claim.
Thus, the trial court erred in submitting Allison Dubose's slander claim to the jury. In Aspinwall v. Gowens, 405 So.2d 134, 138 (Ala. 1981) (opinion on rehearing), this Court stated:
 "On reconsideration, we believe the better view to be that if a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of these counts, he must challenge this by motion for [JML], specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the evidence. If this is not done and all counts go to the jury and a general verdict is returned, the court will presume that the verdict was returned on a valid count." *Page 63 
Furthermore, in Alfa Mutual Insurance Co. v. Roush, 723 So.2d 1250,1257 (Ala. 1998), this Court stated what occurs when a properly presented motion for a JML preserves a challenge to a "bad count":
 "When a jury returns a general verdict upon two or more claims, as it did here, it is not possible for this Court to determine which of the claims the jury found to be meritorious. Therefore, when the trial court submits to the jury a `good count' — one that is supported by the evidence — and a `bad count' — one that is not supported by the evidence — and the jury returns a general verdict, this Court cannot presume that the verdict was returned on the good count. In such a case, a judgment entered upon the verdict must be reversed."
See also Ex parte Grand Manor, Inc., 778 So.2d 173 (Ala. 2000); St. ClairFed. Sav. Bank v. Rozelle, 653 So.2d 986 (Ala. 1995); and South Cent.Bell Tel. Co. v. Branum, 568 So.2d 795 (Ala. 1990).
Larrimore moved for a JML at the close of the plaintiffs' case. In the motion he argued, in part, that "the plaintiff Allison Dubose cannot recover because no defamatory statements were ever made about her." At the close of all evidence, Larrimore renewed his motion for a JML. The trial court entered an order on its case action summary that stated, in pertinent part, that the "[c]ourt determines [that the] [m]otion for [JML] at [the] close of all evidence is denied, issues to go to the jury. . ." The jury then entered its general verdict for the Duboses awarding compensatory and punitive damages. After the trial court entered a judgment on the jury's verdict, Larrimore, in a renewed motion for a JML, renewed his arguments that the evidence was insufficient to support Allison Dubose's slander claim.
Larrimore adequately challenged Allison Dubose's slander claim underAspinwall. The jury entered a general verdict. Based upon this Court's holdings in Aspinwall and Roush, whether the jury's verdict was returned on a "good count" — Stuart Dubose's slander claim — or a "bad count" — Allison Dubose's slander claim — cannot be determined. We cannot presume that the verdict was returned on a good count. Therefore, the trial court's judgment must be reversed and the cause remanded for a new trial. Because we are reversing on this issue, we pretermit consideration of all other issues raised on appeal.
REVERSED AND REMANDED.
Moore, C.J., and Brown, Harwood, and Stuart, JJ., concur.