BRYAN, Justice
(dissenting).
The majority affirms the judgment entered by the St. Clair Circuit Court (“the trial court”) on a jury verdict in favor of Pell City Industrial Services, Inc. (“Pell City”). Because I believe the evidence is insufficient to support relief based upon a theory of quantum meruit, I would reverse the trial court’s judgment and remand this cause for a new trial. Therefore, I must respectfully dissent.
“A claim of quantum meruit, or quasi-contract, is a request for equitable relief based on the principle, ‘ “that if one *247 knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered.” ’ Frank Crain Auctioneers, Inc. v. Delcham/ps, 797 So.2d 470, 474 (AIa.Civ.App.2000) (quoting Richards v. Williams, 231 Ala. 450, 453,165 So. 820 (Ala.1936)).
““‘In order to succeed on a claim based on a theory of quantum meruit, the plaintiff must show that it had a reasonable expectation of compensation for the services. Utah Foam Prods., Inc. v. Polytec, Inc., 584 So.2d 1345 (Ala.1991). However, ‘[w]hen an express contract exists, an argument based on a quantum meruit recovery in regard to an implied contract fails.’ Brannan & Guy, [.P.C'. v. City of Montgomery,] 828 So.2d [914] at 921 [ (Ala.2002) ]. The existence of an express contract on a given subject generally excludes an implied agreement on the same subject. Vardaman v. Florence City Bd. of Educ., 544 So.2d 962 (Ala.1989).” ’
“Mahoney v. Loma Alta Prop. Owners Ass’n, 4 So.3d 1130, 1135 (Ala.Civ.App. 2008) (quoting Mantiply v. Mantiply, 951 So.2d [638] at 656 [(Ala.2006)]).”
Carroll v. LJC Defense Contracting, Inc., 24 So.3d 448, 458-59 (Ala.Civ.App.2009)(emphasis added).
It is undisputed that an express contract existed between Pell City and Barron Fan Technology, Inc. (“Barron Fan”), providing for the replacement of the old baghouse[1] modules with new baghouse modules. Thus, whether Pell City was entitled to assert a claim based on a theory of quantum meruit is dependent upon whether the express contract covered the same subject as the alleged implied contract.
The alleged implied contract here arises from a conversation that purportedly took place between Barron Fan’s inside salesman and Pell City’s project manager, in which they agreed that Pell City would perform additional work and Pell City and Barron Fan would determine the compensation for that work after the work was performed. Both parties agree that the additional work constituted a “change in [the] job scope” of the project, which is an event covered under an express provision of Barron Fan and Pell City’s contract.[2] “The existence of an express contract on a given subject generally excludes an implied agreement on the same subject.” Mantiply v. Mantiply, 951 So.2d 638, 656 (Ala.2006). Thus, although the jury could have found that a conversation did take place and that the conversation was a modification of the express contract (i.e., an agreement to perform and provide compensation for the additional work without filing a change-order form or obtaining the customer’s signature), such a conversation could not support Pell City’s claim based on a theory of quantum meruit regarding the additional work.
*248 The trial court instructed the jury on both breach-of-express-contract and quantum meruit theories, and the jury returned a general verdict in favor of Pell City.
“ ‘When a jury returns a general verdict upon two or more claims, as it did here, it is not possible for this Court to determine which of the claims the jury found to be meritorious. Therefore, when the trial court submits to the jury a “good count” — one that is supported by the evidence — and a “bad count” — one that is not supported by the evidence — and the jury returns a general verdict, this Court cannot presume that the verdict was returned on the good count. In such a case, a judgment entered upon the verdict must be reversed.’ ”
Lammore v. Dubose, 827 So.2d 60, 63 (Ala.2001) (quoting Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1257 (Ala.1998)). Because Pell City’s quantum meruit claim was not supported by substantial evidence and because it is unclear from the record what portion, if any, of the jury’s general verdict was awarded to Pell City for its quantum meruit claim, I would reverse the trial court’s judgment entered on that jury verdict and remand this cause for a new trial.

. A "baghouse” is used to filter lime particulate out of the air. Barron Fan’s brief, at 4.

. The contract provides:
“CHANGES IN THE JOB SCOPE. Significant changes in the scope made by the customer will require a change order. A ‘CHANGE ORDER FORM’ will be filled out and signed by the customer prior to proceeding by [Pell City] with the job.
[[Image here]]
"CHANGES IN THE JOB SCOPE AND ADDITIONAL CHARGES will be reconciled as they occur and will require customer authorized signatures on the 'Field Services Daily Time & Material’ form.... Once signed off by a customer representative this form becomes a billing document and will be invoiced by [Pell City] immediately & due in accordance with our standard Terms and Conditions.”
(Capitalization in original.)